David M. Lilienstein, SBN 218923
david@dllawgroup.com
Katie J. Spielman, SBN 252209
katie@dllawgroup.com
**DL LAW GROUP**
345 Franklin St.
San Francisco, CA 94102
Telephone: (415) 678-5050
Facsimile: (415) 358-8484

Attorneys for Plaintiff,
BRIAN V.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN V.,<br><br>Plaintiff,<br><br>v.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY; and DOES 1 through 10,<br><br>Defendants. | Case No.<br><br>**PLAINTIFF BRIAN V.'S COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA); BREACH OF FIDUCIARY DUTY; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, BRIAN V. herein sets forth the allegations of this Complaint against Defendants ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY; and DOES 1 through 10.

**PRELIMINARY ALLEGATIONS**

**JURISDICTION**

1. Plaintiff brings this action for relief pursuant to Section 502 (a) (1) (B) and Section 502 (a) (3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1132 (a) (1) (B). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA Section 502 (e) and (f), 29 U.S.C. Section 1132 (e), (f), and (g) and 28 U.S.C. Section 1331 as it involves a claim made by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA.

Jurisdiction is predicated under these code sections as well as 28 U.S.C. Section 1331 as this action involves a federal question.

2. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan and enforcing Plaintiff's rights under the terms of an employee benefit plan.

3. Plaintiff seeks relief, including but not limited to: past mental health benefits in the correct amount related to Defendant's improper denial of Plaintiff's claim; prejudgment and post judgment interest; general and special damages; injunctive relief; equitable relief; and attorneys' fees and costs.

**PARTIES**

4. Plaintiff Brian V. is, and at all times relevant was, a resident of California.

5. F.V. is Plaintiff Brian V.'s son.

6. Defendant ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY ("Anthem") is a health insurance provider authorized to transact and currently transacting business of insurance in the State of California and is the claims administrator of the Plan and coverage at issue herein.

7. At all relevant times, Plaintiff Brian V. was the Plan member and participant and F.V. was a Plan beneficiary and participant of Linkedin's Anthem PPO Group Insurance Policy ("the Plan"), an employee welfare benefit plan within the meaning of ERISA section 3(1), 29 U.S.C. § 1002(1).

8. The true names or capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue said defendants by such fictitious names. Plaintiffs are informed and believe, and on such information and belief, allege, that each of the defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and Plaintiff will ask leave of this court to amend this Petition to insert their true names and capacities in place and instead of the fictitious names when the same become known to Plaintiff.

9. At all times relevant, the DOE defendants, and each of them, were, subject to the discovery of new facts, the agents and employees of the remaining defendants, and were at all times

acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of its agent.

## FACTS

10. F.V. is Plaintiff Brian V.'s son, and was, at all relevant times, a beneficiary of the Plan.

11. At all relevant times, the Plan was an insurance plan that offered, *inter alia*, mental health benefits to employees and their beneficiaries, including Plaintiff and his son, F.V.

12. The Plan guarantees, warrants, and promises Mental Health and Substance Use Disorder Covered Services ("Mental Health Covered Services") for members and their beneficiaries, including but not limited to health care services, mental health care, and treatment at issue herein, as required by state and federal law under the Mental Health Parity and Addiction Equity Act ("MHPAEA").

13. At all relevant times, the Plan was in full force and effect

14. At all relevant times, the Plan guarantees, warrants, and promises coverage for "Medically Necessary" health services, including Mental Health Covered Services care and treatment, including but not limited to: health care services, mental health and substance use disorders, and treatment at issue herein.

15. The Plan defines "Medically Necessary" services for treatment of Mental Health and Substance Use Disorder Care as:

> a service or product addressing the specific needs of that patient, for the purpose of preventing, diagnosing, or treating an illness, injury, condition, or its symptoms, including minimizing the progression of an illness, injury, condition, or its symptoms, in a manner that is all of the following:
>
> - In accordance with the Generally Accepted Standards of Mental Health and Substance Use Disorder Care;
> - Clinically appropriate in terms of type, frequency, extent, site, and duration, and
> - Not primarily for the economic benefit of the Claims Administrator and the Member or for the convenience of the patient, treating Physician, or other health care Provider."
>
> For these purposes:
>
> "Generally Accepted Standards of Mental Health and Substance Use" means standards of care and clinical practice that are generally recognized by health care providers that are based on credible scientific evidence published in peer-reviewed

medical literature generally recognized by the relevant medical community, Physician specialty society recommendations and the views of Physicians practicing in relevant clinical areas and any other relevant factors.

16. The Plan guarantees coverage for inpatient and outpatient treatment of mental health conditions, including treatment at a residential treatment center.

17. F.V. has a long history of mental illness which began at an early age.

18. At all times relevant F.V. was diagnosed with, *inter alia*, autism spectrum disorder, attention-deficit hyperactivity disorder, and disruptive mood dysregulation disorder, generalized anxiety, and post-traumatic stress disorder.

19. F.V.'s severe comorbid mental health issues impacted his ability to function. F.V. was physically and verbally abusive and demonstrated suicidal ideation. He posed a serious risk of harm to himself and others.

20. F.V. attempted many types of outpatient mental health treatment. These modalities were unsuccessful at treating F.V.'s many, comorbid, mental health conditions, and F.V. required a higher level of care, specifically care at in a residential treatment center.

21. At the recommendation of F.V.'s treatment providers, F.V. was admitted to Seven Stars Program at Elevations ("Elevations"), a residential treatment center.

22. Elevations is a residential treatment and educational center licensed in the state of Utah to treat mental health and neurodevelopmental issues in a residential setting.

23. Elevations developed a detailed treatment plan to address the functional impairments F.V. experienced.

24. At all relevant times, F.V.'s treatment was medically necessary, based upon the reasoned opinions of medical professionals who were familiar with F.V..

25. Plaintiff timely filed claims for mental health benefits pursuant to the terms of the Plan for F.V.'s treatment at Elevations.

26. Anthem denied coverage for F.V.'s treatment at Elevations.

27. Plaintiff timely appealed Anthem's denial of F.V.'s treatment at Elevations.

28. Anthem denied F.V.'s treatment at Elevations on the basis that the treatment was not Medically Necessary as that term is defined in the Plan.

29. As a result, Plaintiff was forced to pay for F.V.'s care and treatment at Elevations from his own personal funds.

30. Plaintiff has exhausted all administrative remedies regarding the denial of F.V.'s mental health benefits.

## CLAIMS FOR RELIEF
### FIRST CAUSE OF ACTION
### Recovery of Benefits Due Under an ERISA Benefit Plan
**(Against Defendants ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY; and DOES 1 through 10; Enforcement and Clarification of Rights, Prejudgment and Post Judgment Interest, and Attorneys' Fees and Costs, Pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B))**

31. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

32. ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B) permits a plan participant to bring a civil action to recover benefits due under the terms of the plan and to enforce Plaintiff's rights under the terms of a plan.

33. At all relevant times, Plaintiff's son, F.V., was insured under the health care plan at issue herein, and Plaintiff's son, F.V., met the Mental Health Covered Services and Medical Necessity criteria for treatment required under the terms and conditions of the Plan.

34. At all relevant times Elevations met the Residential Treatment Center criteria required under the terms and conditions of the Plan.

35. By denying Plaintiff's mental health claim(s), Defendants have violated, and continue to violate, the terms of the Plan, the terms of ERISA, and Plaintiff's rights thereunder.

36. The provisions of an ERISA plan should be construed so as to render none nugatory and to avoid illusory promises.

### SECOND CAUSE OF ACTION
### Breach of Fiduciary Duty Under ERISA § 502(a)(3), 29 U.S.C. Section 1132(a)(3)
**(Against Defendants ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY; and DOES 1 through 10)**

37. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

38. At all relevant times, Defendants, and each of them, were fiduciaries with respect to their exercise of authority over the management of the Plan, disposition of Plan assets, and administration of the Plan.

39. Plaintiff asserts that a claim for benefits due under the Plan does not provide him with an adequate remedy at law in lights of Defendants' continuing course of conduct in violating the terms of the Plan and applicable law as described below.

40. ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), requires fiduciaries to discharge their duties solely in the interests of employee benefit plan participants and beneficiaries and for the exclusive purpose of providing benefits and defraying reasonable expenses of administering the plan.

41. ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), requires fiduciaries to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

42. ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), requires fiduciaries to discharge their duties in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of ERISA.

43. In committing the acts and omissions herein alleged, Defendants breached their fiduciary duties in violation of ERISA §§ 404(a)(1)(A), (B) and (D), 29 U.S.C. §§ 1104(a)(1)(A)(B) and (D).

44. At all material times herein, Defendants, and each of them, violated these duties by, *inter alia,* the following:

    a. Consciously, unreasonably, intentionally, and without justification, violating California's Mental Health Parity Act, Health & Safety Code §1374.7272 and Insurance Code § 10144.5, as well as the Federal Mental Health Parity and Addictions Equity Act of 2008 ("MHPAEA") which specifically require that health care plans provide medically necessary diagnosis, care and treatment for the treatment of specified mental health illnesses at a level equal to the provision of benefits for physical illnesses;

b. Consciously, unreasonably, intentionally, and without justification, violating 29 C.F.R. § 2560.503-1(f) by failing to provide adverse benefit determinations that are responsive and intelligible to the ordinary reader;

c. Consciously and unreasonably failing to investigate all bases upon which to pay and honor Plaintiff's claims, and related claims and/or similar claims, for benefits, and consciously and unreasonably failing to investigate all bases to support coverage fairly and in good faith and refusing to give Plaintiff's interests or the interests of the Plan at least as much consideration as they gave their own;

d. Consciously and unreasonably asserting improper bases for denying full payment of Plaintiff's claims, and related claims and/or similar claims, for mental health care benefits;

e. Consciously, unreasonably, intentionally, and without justification underpaying Plaintiff's claims;

f. Consciously, unreasonably, intentionally, and without justification applying acute criteria to claims for sub-acute treatment;

g. Consciously, unreasonably, intentionally, and without justification limiting coverage for inpatient treatment for periods of time that are far below reasonable standards in the medical community for such treatment;

h. Consciously and unreasonably interpreting the Plan in a manner designed to deny and minimize benefits and in a manner that thwarts the reasonable expectations of the Plan's beneficiaries and participants in order to maximize its own profits and minimize the benefits that it pays claimants;

i. Consciously and unreasonably refusing to pay Plaintiff's claim, and related claims and/or similar claims, with the knowledge that Plaintiff's claim and similar claims are payable and with the intent of boosting profits at Plaintiff's and other claimants' expense; and

j. Consciously and unreasonably failing to follow the terms of the Plan and applicable regulations governing the administration of claims, and the review of denied claims;

k. Repeatedly and consistently denying mental health claims involving residential treatment facilities improperly and for the financial gain of Defendants.

45. As a result of Defendants' breaches of fiduciary duty, Plaintiff has been harmed, and the Defendants have been permitted to retain assets and generate earnings on those assets to which Defendants are not entitled.

46. Wherefore, Plaintiff is entitled to appropriate equitable relief including but not limited to injunction, disgorgement, surcharge, and injunctive relief related to the use of improper mental health level of care guidelines, in violation of applicable laws.

47. In addition, Plaintiff seeks appropriate equitable relief from all Defendants, and each of them, including an order by this Court that, based upon principles of waiver and/or estoppel, Plaintiff is entitled to benefits in the amount of the cost of F.V.'s treatment at Elevations.

48. In addition, Plaintiff seeks disgorgement of profits, make-whole relief, and that Plaintiff be placed in the position that he would have been in had he been paid the full amount of benefits to which he is entitled, including, without limitation, interest, attorneys' fees and other losses resulting from Defendants' breach.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court grant the following relief:

49. Declare that Defendants violated the terms of the Plan by failing to provide mental health benefits;

50. Order Defendants to pay the mental health benefits due, together with prejudgment interest on each and every such benefit payment through the date of judgment at the rate of 9% compounded;

51. For appropriate equitable relief pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), including but not limited to a declaration of Plaintiff's rights hereunder, an injunction against further failure to provide like benefits, an injunction against the failure to consider co-morbid mental health diagnoses when considering mental health claims, an injunction against using policy exclusions and limitations to deny medically necessary mental health treatment, disgorgement of any profits or ill-gotten gain realized by any Defendants, and surcharge for any pecuniary injuries Plaintiff has suffered as a consequence of Defendants' breaches of their ERISA fiduciary duties;

52.     Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA Section 502(g), 29 U.S.C. Section 1132(g);

53.     Provide such other relief as the Court deems equitable and just, including but not limited to injunctive relief as set forth elsewhere in this Complaint; and including but not limited to a declaration from the Court that Defendants violated both the California Mental Health Parity Act and the Federal MHPAEA.

**AS TO ALL CAUSES OF ACTION:**

For such other and further relief as the Court deems just and proper.

Dated: December 1, 2023                    Respectfully submitted,

**DL LAW GROUP**

By: */s/ David M. Lilienstein*
David M. Lilienstein
Katie J. Spielman
Attorneys for Plaintiff, Brian V.